SAVOIE, J.
dissents.
hi respectfully disagree with the majority’s opinion. While this case does not present a set of facts that fits neatly into either category of cases presented' by the State or Defendant, I find the State’s argument persuasive. The court found in Cain, 09-924, pp. 2-3, that La.R.S. 15:529.1(G) “does not authorize the trial court to impose enhanced sentences without benefit of parole unless the underlying statute provides for no parole eligibility.”
The second degree kidnapping statute authorizes the trial court, in its discretion, to deny parole eligibility up to the maximum term allowable by law, forty years. See La.R.S. 14:44.1(C). In my view, the parole restriction set forth in La.R.S. 14:44.1 is equivalent to the statutes which “provide for no parole eligibility,” and the trial court was therefore within its authority to deny parole on Defendant’s entire enhanced sentence. Accordingly, I would find no error in the trial court’s ruling.